# CHARLESTOWNₓ

[James Boggs' Admr. *v.* Samuel Johnson's Admr.

September 9, 1876.

1876.     Where there are errors and defects apparent upon the face of a report
August Term.     of a commissioner, this Court will correct such errors and defects,
          if there be such facts in the record as will enable the Court to do
          so, and to render a decree ; but if such facts are not in the record,
          as to enable the Court to amend, and render a proper decree, it
          will reverse the decree, and remand the cause, with instructions, to
          the circuit court, to cause a proper account to be taken.

Appeal from a decree rendered in the circuit court of
Pendleton county, at the October term in 1873, in which
E. W. Boggs, administrator of James Boggs, deceased,
was plaintiff, and John D. Johnson, administrator of
Samuel Johnson, deceased, was defendant.

The appeal was granted on the petition of said John
D. Johnson, the appellant.

The facts of the case are set forth in the opinion of
this Court.

Hon. John Blair Hoge, Judge of the third judicial
circuit, presided at the trial below.

*George A. Blakemore* for appellant.

*W. H. H. Flick* for appellee.

Edmiston, Judge :

This is an appeal from a decree of the circuit court of
Pendleton county.   James Boggs, the complainant's in-

testate, Samuel Johnson, the defendant's intestate, and J. F. Johnson, on the fifth day of March, 1849, entered into a partnership, for the purpose of carrying on a general mercantile business in the town of Franklin, in the county of Pendleton, for the term of five years. James Boggs was to own one-half, and the other members, each, one-fourth interest in said business. The business was carried on for said term, and was dissolved on the tenth of April, 1854. In 1860, James Boggs made out a statement of the firm accounts, and exhibited to the other parties, which was agreed to be right. From this statement, it appeared that each of the Johnsons would be largely indebted to said Boggs. The accounts were not closed by payment or notes, but remained in that condition. James Boggs died in January 1862, and Samuel Johnson died in July or August 1862. No further attempt was made at a settlement until this suit was instituted. The bill was filed at August rules, 1869, but the transcript of record does not show when the summons issued. With the bill, the complainant filed the said statement made by James Boggs, and called it "exhibit B."

The bill claimed that the partnership had never been settled, and also claimed that there was a large sum due him from Samuel Johnson or his estate. The personal representative of Samuel Johnson answered the bill and relied upon "exhibit B" as furnishing evidence of a settlement of the business of the firm, and therefore among other matters, claimed that the bar of the statute of limitations would preclude the plaintiff from any recovery in the case.

The Court entered an order directing that H. D. Auvill should act as a special commissioner, (all the regular commissioners of the court being interested in the case,) to state and settle the partnership account, and report the result thereof, with such special matters as he might be required by either party, or as he might deem relevant and proper. This report was made in October

1876.
August Term.

Boggs' Admr.
v.
Johnson's Admr

1872, and October 1873, the defendant filed certain exceptions to said report. With this report the commissioner returned "certain depositions and papers" to the court. From "exhibit B" and these depositions, it appears, that the debts of the late firm had been divided into two classes, one class denominated "good debts," which were taken by James Boggs as his property, and the other "bad debts," which remained the social effects of the partners. It also appears from the depositions, that the plaintiff below had collected some debts due the late firm, as late as 1865 or later. But it does not appear, clearly, to which class of debts, those collected belonged, nor the amount thereof, nor was there any charge made against the plaintiff for those debts so collected. It also appeared that the plaintiff had paid certain debts due from the said firm, which are charged in the account. On the hearing of the case, the court overruled the exceptions of defendant to the report, because they had not been taken in time.

We think that the account so taken, is defective and that there are errors apparent on the face thereof, which this Court might correct, if there were facts in the record that would enable the Court to do so. That as it appears that the plaintiff did collect debts which might or might not be a proper charge to him, and a credit to the defendant, but the amount thereof, nor the time of collection, nor the class out of which they were collected, not appearing either by the report or the depositions, this Court cannot see how the report should be amended, and that the importance of this matter is increased by the fact, not only that it may be material to be known to enable the Court to pass upon the question raised by the statute of limitations, but also by the fact that the plaintiff below has filed "assignment of errors," thus virtually taking a cross appeal.

We are therefore of opinion that the decree of the circuit court be reversed and annulled, and that this

cause be remanded to the circuit court with instructions to recommit the report to the said special commissioner, or some other commissioners, directing him to review, amend and correct the said report, according to such facts and proofs as the parties may exhibit before him, and especially as to the character and amount of the debts collected by the plaintiff (since the making out of exhibit B) as above indicated, and if found to be a proper charge to the plaintiff, the commissioner make the same ; with such other matters as to that court may appear proper.

It is therefore adjudged, ordered, and decreed, that the decree of the circuit court of Pendleton county rendered on the fourteenth day of October, 1873, be, and the same is hereby, reversed and annulled, with costs to the appellant, and that this cause be remanded to the circuit court of Pendleton county for further proceedings to be had therein, according to the instructions herein contained, and according to the rules of equity, which is ordered to be certified, &c.

The other Judges concurred.

DECREE REVERSED, AND CAUSE REMANDED.